1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Barlowe, ) | No. CV-10-0077-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Ken Ellegard- Arizona, L.L.C., an Arizona ) | |
| limited liability company, dba Riverview ) | |
| Toyota; Landcar Management, Ltd., a ) | |
| Utah limited partnership, dba The Larry ) | |
| Miller Group of Automotive Companies; ) | |
| and Stephen D. Gaines, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This case arises on Plaintiff's Unopposed Motion to Modify Judgment, filed on June 29, 2010. (docket # 11) Because the District Court does not have jurisdiction to modify or vacate the April 21, 2010 Judgment, Plaintiff's Motion will be denied.

## **BACKGROUND**

On January 13, 2010, Plaintiff filed a Complaint, "seeking compensatory and punitive damages for injuries suffered by Plaintiff as a result of employment discrimination and retaliation by the Defendants on the basis of national origin, and other wrongful conduct by the Defendants." (docket # 1 at 1) Plaintiff promptly consented to magistrate-judge jurisdiction on January 21, 2010. (docket # 7). Before any Defendants appeared in this

action, Plaintiff filed a Motion to Dismiss,[1] indicating "Plaintiff will not be prosecuting this matter further." (docket # 8)  Because the Motion did not indicate whether the dismissal should be with or without prejudice, the Court dismissed the case without prejudice on April 21, 2010 as mandated by Rule 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice."). (docket # 9) Judgment was entered that same day by the Clerk of the Court. (docket # 10) ("[P]ursuant to the Court's order dated April 21, 2010 granting Plaintiff's motion to dismiss, judgment is entered and this action is dismissed without prejudice.").

Over two months after Judgment was entered, Plaintiff filed an Unopposed Motion to Modify Judgment, indicating "[t]he parties were able to resolve the dispute through mediation prior to an Answer being filed. A term of the settlement agreement was that Barlowe would 'immediately dismiss with prejudice Barlowe's claims und (sic) Lawsuit against Company, et al. . . .and . . . file all appropriate documents with any court or other administrative agency to effect such a dismissal with prejudice.'" (docket # 11 at 1) "This motion is made in compliance with the settlement agreement, and made at the request of Tina Ezzell, Esq., who represented the defendants at the mediation." (*Id*. at 2)  Plaintiff's Motion, however, cites no authority that a district court may modify a judgment from a dismissal without prejudice to a dismissal with prejudice in violation of LRCiv 7.2(b) ("[U]pon any motion, the moving party shall serve and file with the motion's papers a memorandum setting forth the points and authorities relied upon in support of the motion.")

---

[1] Surprisingly, Plaintiff did not file a Notice of Dismissal pursuant to Rule 41(a)(1)(A)(i).

"Under Rule 41(a)(1), an action may voluntarily be dismissed by the plaintiff without court order by filing a notice of dismissal before the defendant has answered or moved for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Such a voluntary dismissal is presumed to be 'without prejudice' unless it states otherwise . . . ." *Commercial Space Management Company, Inc. v. The Boeing Company, Inc*., 193 F.3d 1074, 1076 (9th Cir. 1999) (discussing the "two dismissal rule.") "Because the [notice of] dismissal is effective on filing and no court order is required, [t]he effect is to 'leave[ ] the parties as though no action had been brought.'" *Id*. at 1077 (citations omitted).

**FEDERAL RULE 59(e)**

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a judgment. Rule 59(e) provides, however, that "[a] motion to alter or amend a judgment must be filed no later than **28 days** after the entry of the judgment."[2] Rule 59(e), Fed.R.Civ.P. (emphasis added). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Walsh v. Countrywide Home Loans, Inc.*, 2009 WL 4674049, * 3 (N.D.Cal. 2009) (quoting *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citations and internal quotation marks omitted). While it does not appear that any of these grounds apply, the Court does not have jurisdiction to grant Plaintiff's Motion because it was untimely filed. Rule 6(b)(2), Fed.R.Civ.P., proscribes the Court from extending the 28-day deadline for good cause or excusable neglect. Rule 6(b)(2), Fed.R.Civ.P. ("A court must not extend the time to act under Rules . . . **59**(b), (d), and **(e)**, and 60(b).") (emphasis added).

**FEDERAL RULE 60(b)**

If Plaintiff intended to bring a motion for relief from judgment under Rule 60(b), the motion must also be denied. Under Rule 60(b), a party may move for relief from judgment on the following grounds: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . or (6) any other reason that justifies relief." Rule 60(b),

---

[2] On December 1, 2009, the deadline for filing a Rule 59(e), Fed.R.Civ.P., motion to alter or amend a judgment was extended for 10 days to 28 days. *Moody v. Finander*, 2010 WL 2354586, * 1 n. 3 (S.D.Cal. 2010).

Fed.R.Civ.P. "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c), Fed.R.Civ.P.

While his Motion was timely filed under any of the six grounds identified in Rule 60(b), Plaintiff has made no showing under any of these grounds that the settlement of the parties' disputes *via* private mediation authorizes vacating a judgment. Under Rule 60(b)(6)'s catch-all provision allowing a district court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment," the Ninth Circuit very recently confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Lal v. State of California*, ___ F.3d ___, 2010 WL 2541370, * 4 (9th Cir. 2010). Settlement of a civil case after a dismissal without prejudice does not constitute an extraordinary circumstance to warrant vacating a judgment under Fed.R.Civ.P. 60(b)(6).

## **CONCLUSION**

While the Court commends the parties for resolving their legal disputes through private mediation, the Court finds that it lacks jurisdiction to grant Plaintiff's requested relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's Unopposed Motion to Modify Judgment, docket # 11, is **DENIED**.

Dated this 1st day of July, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge